IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL E. FEAGIN, <br> AIS #139148, <br>     Plaintiff, <br> v. <br> MILLARD McWHORTER, et al., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )     CASE NO. 2:13-CV-536-WHA <br> ) <br> ) <br> ) <br> ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint and amendment thereto filed by Michael E. Feagin ("Feagin"), a state inmate, in which he challenges the constitutionality of medical treatment provided to him during a five-day period of confinement at the Covington County Jail in July of 2011. The order of procedure entered in this case instructed Feagin to immediately inform the court of any new address. *Order of December 2, 2013 - Doc. No. 20* at 6.

The court recently obtained information that Feagin did not reside at the address he last provided to the court. In light of the foregoing, the court entered an order requiring that Feagin show cause why this case should not be dismissed for his failure to inform the court of his current address as directed by the order of procedure. *Order of April 21, 2016 - Doc. No. 43*. The show cause order specifically advised Feagin that this case could not proceed if his whereabouts remained unknown and cautioned him that failure to comply

with the order's directives would result in a Recommendation that this case be dismissed. *Id*. The postal service returned this order because Feagin could not be located at his address of record.

As is clear from the foregoing, Feagin has failed to comply with the directives of the orders entered by this court. In addition, this case cannot properly proceed in his absence. It likewise appears that Feagin is no longer interested in the prosecution of this case as he has not kept the court informed of his correct address. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.

It is further

ORDERED that **on or before May 26, 2016,** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the

Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 12th day of May, 2016

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE